**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVID JEWEL NEWTON,** | ) |
|               **Petitioner,** | ) |
| v. | )    Case No. 11-CV-0529-CVE-FHM |
| **DAVID PARKER, Warden,** | ) |
|               **Respondent.** | ) |

**OPINION AND ORDER**

On August 23, 2011, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). After being denied leave to proceed *in forma pauperis*, see Dkt. # 3, he paid the $5.00 filing fee. In his petition, Petitioner challenges the constitutionality of his conviction and sentence entered in Tulsa County District Court, Case No. CF-2001-5568. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

Petitioner has in the past filed another habeas corpus action in this Court, N.D. Okla. Case No. 06-CV-093-JHP, challenging the same conviction and sentence at issue in this case. In the prior case, the Court denied the petition by Opinion and Order entered April 17, 2009. In denying habeas relief, the Court substantively addressed federal grounds for setting aside Petitioner's state conviction. Judgment in favor of Respondent was entered on April 17, 2009. Petitioner appealed to the Tenth Circuit Court of Appeals. On August 25, 2009, the appellate court denied a certificate of appealability and dismissed the appeal. The docket sheet for Case No. 06-CV-093-JHP also

reflects that on August 26, 2011, Petitioner filed a petition to file a successive petition for writ of habeas corpus at the Tenth Circuit. See Dkt. # 82. That petition, assigned Case No. 11-5121, remains pending as of today's date.

In the instant petition for writ of habeas corpus (Dkt. # 1), Petitioner claims that he is "actually innocent of Oklahoma's habitual criminal statue [sic] Title 21, § 51.1(B), and this 400 year sentence." As discussed above, the Court has previously determined, in N.D. Okla. Case No. 06-CV-093-JHP, the legality of Petitioner's detention. Therefore, the petition filed in this case is Petitioner's second habeas petition and he was required to obtain authorization from the Tenth Circuit Court of Appeals before filing this petition. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Although the docket sheet for Case No. 06-CV-093-JHP reflects that Petitioner is in the process of seeking leave to file a second or successive petition, he did not receive authorization from the Tenth Circuit before filing his petition in this Court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Because Petitioner has filed a petition to file a successive petition for writ of habeas corpus at the Tenth Circuit and that petition is presently pending, the Court finds it is not in the interest of justice to transfer the petition filed in this Court to the Tenth Circuit. Therefore, the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition in this Court.

**ACCORDINGLY IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

2. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition.

3. A separate judgment shall be entered in this matter.

**DATED** this 26th day of September, 2011.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　CLAIRE V. EAGAN, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT